

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:18-CR-00366 |
| | * | |
| VERSUS | * | JUDGE |
| | * | MAGISTRATE JUDGE KAY |
| INTERORIENT MARINE | * | |
| SERVICES LIMITED | * | |

## PLEA AGREEMENT

A.    INTRODUCTION

1.    This document contains the complete plea agreement between the United States Attorney's Office for the Western District of Louisiana and the Environment and Natural Resources Division of the United States Department of Justice (hereinafter referred to as "the government"), and INTERORIENT MARINE SERVICES LIMITED (hereinafter referred to as "INTERORIENT"), the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea. This plea agreement is entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

B.  THE DEFENDANT'S OBLIGATIONS

1.  INTERORIENT shall be represented by an authorized representative and by counsel and shall appear in open court and plead guilty to the one-count Bill of Information pending in this case. By entering into this Agreement, INTERORIENT waives any right to have the facts that the law makes essential to the punishment either charged in the Information, proved to a jury, or proven beyond a reasonable doubt.

2.  Pursuant to Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure, INTERORIENT agrees to pay a total fine to the United States in the amount of $2,000,000 for violating 33 U.S.C. § 1908(a). The Parties agree and stipulate that this amount is consistent with 18 U.S.C. § 3571 and further agree that the gross gain or loss derived from the violation contained in Count One of the Information was at least $1,000,000. INTERORIENT recognizes and agrees that it will not seek to have payment of any monies pursuant to this plea agreement treated as a tax-deductible donation; nor will INTERORIENT make any public statement classifying any payments as voluntary contributions; nor will INTERORIENT seek to gain any benefit in other claims or litigation. The parties agree that if the Court refuses to accept the plea agreement with this agreed-upon fine, the agreement will be null and void.

3.  INTERORIENT agrees that it will take no position on any motions that the government may file regarding a request or recommendation to the Court for an award to be paid to any persons pursuant to 33 U.S.C. § 1908(a).

4. INTERORIENT further agrees to serve a period of probation of 4 years from the date of execution of sentence. During the probationary period, INTERORIENT agrees to implement a comprehensive Environmental Compliance Plan (ECP), included as Attachment A to this plea agreement. Implementation of the ECP is a condition of probation. In the event the Court, in consultation with the United States Attorney's Office for the Western District of Louisiana, the Environment and Natural Resources Division of the United States Department of Justice, the United States Probation Office, and INTERORIENT, determines that INTERORIENT has failed to either satisfactorily implement the ECP or has violated the terms of the ECP, the probationary term may be extended for a period to be determined by the Court.

5. In furtherance of this (or related) prosecution(s) INTERORIENT shall:

(a) truthfully and completely disclose all information with respect to the activities of the company, its present and former officers and employees, and others concerning all matters about which the government inquires of it;

(b) shall cooperate fully with the government and any other law enforcement agency designated by the government;

(c) shall, at the request of the government, use its best efforts promptly to secure the attendance and truthful statements or testimony of any officers, agents, or employees at any meeting or interview, before the grand jury, or at any trial or any court proceedings;

(d) shall use its best efforts promptly to provide the government, upon request, any document, record, or other tangible evidence relating to matters or conduct about which the government or any designated law enforcement agency inquires; and

(e) shall bring to the government's attention all criminal conduct by or criminal investigations of the company or any of its employees (to include senior management) that come to the attention of the company's senior management, as well as any administrative proceeding or civil action, brought by any United States governmental authority that alleges violations by INTERORIENT.

6. INTERORIENT agrees that this agreement will be executed by an authorized representative.

7. INTERORIENT is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The company agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742. In the event the company files a notice of appeal following the imposition of the sentence, the government will assert its rights under this agreement and seek specific performance of this waiver. This paragraph does not preclude the defendant from appealing the sentence imposed based on a claim of ineffective assistance of counsel.

8. In exchange for this agreement with the government, INTERORIENT waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not

time-barred on the date that this agreement is signed, in the event that (a) the company's conviction is later vacated for any reason, (b) the company violates any provision of this agreement, or (c) the company's plea is later withdrawn.

C.     THE GOVERNMENT'S OBLIGATIONS

1.     If the Defendant completely fulfills all of its obligations under this plea agreement, the government agrees it will not prosecute the Defendant for any other offense known to the United States Attorney's Office for the Western District of Louisiana and the Environment and Natural Resources Division of the United States Department of Justice, based on the investigation which forms the basis of the pending Bill of Information, however, INTERORIENT understands and acknowledges that this agreement (1) does not release from criminal liability any person not specifically covered by it; (2) does not apply to crimes committed in any other federal district; and (3) does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including, but not limited to, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This agreement is binding on the United States Attorney's Office for the Western District of Louisiana and the Environment and Natural Resources Division of the United States Department of Justice. This agreement does not limit the prosecuting authority of any other sections or divisions of the Department of Justice, including the United States Attorney of any judicial

district not a party to this plea agreement, or any other federal, state, or local regulatory or prosecuting authorities.

2. The Government also agrees to advise the Court that the defendant timely notified authorities of its intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

D. <u>SENTENCING</u>

INTERORIENT understands and agrees that:

1. The statutory penalty for violations of 33 U.S.C. § 1908(a) is a maximum fine of $500,000 per count or twice the pecuniary gain or loss of the offense pursuant to 18 U.S.C. § 3571; a term of probation of not more than 5 years, pursuant to 18 U.S.C. § 3561; and an obligation to pay any applicable interest or penalties on fines and restitution not paid at the time of sentencing.

2. INTERORIENT shall be required to pay a mandatory special assessment of $400 per count at the time of the guilty plea by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court."

3. The government agrees, pursuant to Rule 11(c)(1)(C), to present this agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this agreement. If the Court accepts this agreement, the Court will sentence INTERORIENT to a fine of $2,000,000 and a 4-year period of probation. The parties agree that $500,000 of the fine and the $400 special assessment shall be paid within 30 days of sentencing. The remaining


$1,500,000 will be paid in six equal installments of $250,000 every six months beginning in March 2020, with the final payment to be made no later than September 2022. INTERORIENT may, in its discretion, pay the fine earlier. The payments will be by wire transfer or by cashier's check, law firm check, or money order payable to the Clerk of the United States District Court. The government shall retain the surety bond that was posted with the U.S. Coast Guard at the start of the investigation until full payment of the criminal penalty has been made. INTERORIENT understands that if the Court accepts this agreement, then the Court will embody in the judgment and sentence the disposition provided for in this agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

4.     The parties have agreed to waive the presentence investigation and to request that sentence be imposed immediately following the Rule 11 hearing.

5.     This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), and the Federal Sentencing Guidelines, except that the fine calculations for environmental offenses are not governed by USSG § 8C2.1.

6.     The parties understand that the Court may not agree that the sentence recommended by the parties is an appropriate one and may reject this agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. INTERORIENT understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this agreement, and will afford INTERORIENT an opportunity to withdraw the guilty plea or maintain the plea. If

INTERORIENT elects to maintain the guilty plea, the Court will inform INTERORIENT that a final disposition may be less favorable than that contemplated by this agreement. INTERORIENT further understands that if the Court rejects this agreement, the government also has the right to withdraw from this agreement and to be freed from all obligations under this agreement, and may in its sole discretion bring different or additional charges before INTERORIENT enters any guilty plea in this case.

7. Should the Court reject this agreement, INTERORIENT elect to maintain its guilty plea, and the government fail to exercise its right to withdraw from this agreement, the parties further agree that the sentence proposed in this agreement does constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided in this plea agreement.

8. INTERORIENT understands that should the Court reject this agreement, INTERORIENT elect to maintain its guilty plea, and the government fail to exercise its right to withdraw from this agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. INTERORIENT further understands that the sentence to be imposed is a matter solely within the discretion of the Court. INTERORIENT acknowledges that the Court is not obligated to follow any recommendation of the government at the time of sentencing. INTERORIENT understands that neither the

government's recommendation nor the Sentencing Guidelines are binding on the Court.

9. INTERORIENT acknowledges that should the Court reject this agreement, INTERORIENT elect to maintain its guilty plea, and the government fail to exercise its right to withdraw from this agreement, INTERORIENT's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence INTERORIENT will receive should the Court reject this agreement, INTERORIENT elect to maintain the plea, and the government fail to exercise its right to withdraw from this agreement. Moreover, it is understood that INTERORIENT will have no right to withdraw its plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the government's sentencing recommendation.

E. INDICTMENT

1. INTERORIENT understands and agrees that should this plea be overturned for any reason at a later date, an indictment may be presented to the grand jury without further notice from the United States.

F.    **FACTUAL BASIS**

1. If this case were to proceed to trial, the parties agree that the government could prove each element of the offense beyond a reasonable doubt. Those facts contained in the Factual Basis filed with this agreement, among others, would be offered to establish the company's guilt.

G.    **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEYS FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, INTERORIENT. It accurately and completely sets forth the entire plea agreement. I concur in INTERORIENT pleading guilty as set forth in this plea agreement.

Dated: 2/6/19

GEORGE M. CHALOS, ESQ.
Attorney for Defendant
55 Hamilton Avenue
Oyster Bay, NY, 11771
Telephone: (516) 714-4300

INTERORIENT has reviewed this plea agreement with its attorneys. INTERORIENT fully understands the plea agreement and accepts and agrees to it without reservation.

INTERORIENT affirms that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with its decision to plead guilty except those set forth in this plea agreement.

INTERORIENT is satisfied with the legal services provided by its attorneys in connection with this plea agreement and the matters related to this case.

Dated: 2/6/19

_____
BRITON P. SPARKMAN, Esq.
Authorized Representative on Behalf of
INTERORIENT MARINE SERVICES LIMITED,
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

Dated: 2/6/19

_____
DANIEL J. McCOY, La. Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: 2/6/19

_____
STEPHEN DA PONTE, Fla. Bar No. 58454
Trial Attorney
Environmental Crimes Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D. Street, N.W.
Washington, DC 20530
Telephone: (202) 305-2729